UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SIDNEY NACHOWITZ; and
JOAN A. NACHOWITZ,

Case No. 6:11-cv-1376-orl-18KRS

      Plaintiffs,

vs.

RESIDENTIAL CREDIT
SOLUTIONS, INC.,

      Defendant.

_____/

## COMPLAINT – CLASS ACTION

The Plaintiffs, SIDNEY NACHOWITZ and JOAN A. NACHOWITZ, (hereinafter collectively referred to as "NACHOWITZ"), on behalf of themselves and all others similarly situated, sue the Defendant, RESIDENTIAL CREDIT SOLUTIONS, INC., (hereinafter referred to as "RCS"), and allege as follows:

1.      This is an action brought pursuant to 15 U.S.C. §1692, et. seq., also known as the Fair Debt Collection Practices Act, ("FDCPA").

2.      This Court has jurisdiction of the parties and this action pursuant to 15 U.S.C. §1692k(d) and 28 USC §1331.

3.      Plaintiffs, NACHOWITZ, are individuals residing in the state of Florida and, at all times material hereto, are "consumers", as that term is defined in 15 U.S.C. §1692a(3).

4.      Defendant, RCS, is a Delaware corporation that, at all times material hereto, is registered with the Florida Division of Corporations to transact business in the state of Florida and which is engaged in the business of collecting consumer debts in the state of Florida as well as throughout the United States including but not limited to, the hereinafter described collection efforts

as against Plaintiffs in the state of Florida and in Orange County, Florida.  At all times material hereto, Defendant is a "debt collector", as that term is defined in 15 U.S.C. §1692a(6).

## FACTS

5.    On or about November 21, 2001, Plaintiffs, NACHOWITZ, acquired title to residential property (the "Property"), located in the state of Florida described as 8926 Via Tuscany Drive, Boynton Beach, Florida.  A true copy of the Warranty Deed for the Property is attached hereto as Exhibit "A".

6.    Contemporaneous with the purchase of the Property, Plaintiffs obtained a loan from Homebanc Mortgage Corporation, secured by a mortgage on the Property.  A true copy of the Mortgage is attached hereto as Exhibit "B".

7.    During the year 2010, Defendant, RCS, began contacting Plaintiffs, NACHOWITZ, alleging a delinquency in payment relating to said Mortgage.  During said communications, the Defendant represented to Plaintiffs that it was authorized to seek collection of the obligations arising out of the Mortgage.

8.    On August 19, 2010, Plaintiffs received from the Defendant at the Property a letter (the "Letter"), making demands for payment of certain taxes attendant with the Mortgage.  A true copy of the Letter is attached hereto as Exhibit "C".

9.    The Letter was the first communication Plaintiffs received from the Defendant.

10.    Despite having been the initial communication from the Defendant to Plaintiffs, the Letter did not contain the notice required by 15 U.S.C. §1692g, also referred to as the "Section 809 Notice" of the FDCPA.

11.    The Defendant has also failed to send to Plaintiffs, within five (5) days after the initial communication; i.e., the Letter, the notice required by 15 U.S.C. §1692g, also referred to as the "Section 809 Notice" of the FDCPA.

12.     Since sending the Letter to Plaintiffs, the Defendant has sent additional written communications to Plaintiffs seeking collection of the above referenced debt, all of which communications have failed to contain the required "Section 809 Notice" of the FDCPA.

13.     The alleged debt was incurred for personal, family or household purposes and, as such, collection efforts relating to such debt are subject to compliance with the provisions of the FDCPA.

## CLASS ALLEGATIONS

14.     This action is brought as a class action. Plaintiff tentatively defines the class as all persons who, during the one year period prior to the date of the filing of this Complaint, were never sent by the Defendant the required notices or otherwise informed of their rights under 15 U.S.C. §1692g. Plaintiffs may subsequently refine the class definition after discovery.

15.     The class is so numerous that joinder of all members is impractical. On information and belief, the Defendant has sent to hundreds of consumers letters similar in nature and content to the Letter attached hereto as Exhibit "C", and the Defendant has similarly failed to comply with the notice requirements of the FDCPA.

16.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members.  The principal question is whether the Defendant's conduct in connection with its failure to send the "Section 809 Notice" required by law to be sent to all consumer debtors similarly situated to Plaintiffs, violates the FDCPA.

17.     There are no individual questions, other than whether a class member was sent the required Section 809 Notice, which can be determined by inspection of Defendant's records.

18.     Plaintiffs will fairly and adequately protect the interest of the class and are committed to vigorously litigating this matter.  To that end, Plaintiffs have retained counsel experienced in handling class claims and claims involving unlawful business practices. Neither

Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

19.     Plaintiffs' claims herein are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

20.     A class action is a superior method for the fair and efficient adjudication of this controversy. Few if any of the consumers comprising the class have knowledge of their rights to contest an alleged debt until informed of this right by reason of the provisions of the FDCPA, which ability the Defendant has negated by virtue of its failure to so inform consumers of their rights, as required by the provisions of the FDCPA. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because the maximum damages provided in an individual action are $1,000, as set forth in 15 U.S.C. 1692k.

## LEGAL BASIS FOR CLAIM AND DAMAGES

21.     Plaintiffs adopt and reallege their allegations contained in paragraphs 1-20 above.

22.     The Defendant violated the provisions of 15 U.S.C. §1692g, also referred to as the "Section 809 Notice" of the FDCPA, by failing to provide the Plaintiffs with the required notice giving a consumer thirty (30) days within which to dispute or request validation of the alleged debt.

23.     As a direct and proximate result of Defendant's failure to comply with the notice requirements of the FDCPA as set forth above, the Defendant is liable to Plaintiffs for payment of damages as set forth in 15 U.S.C. 1692k.

24.     Plaintiffs have retained the services of the undersigned attorneys to represent them in this action and are obligated to pay said attorneys a reasonable attorney's fee. The Defendant is liable for payment to Plaintiffs of their reasonable attorney's fees incurred in bringing this action pursuant to 813(a)(3) of the FDCPA, 15 U.S.C. 1692k.

WHEREFORE, Plaintiffs request this Court award the following relief in favor of Plaintiffs and the class against the Defendant:

a.     The maximum amount of statutory damages provided under 15 U.S.C. 1692k;

b.     Reasonable attorney's fees and the costs of this action; and

c.     Such other and further relief as this Court may deem just and proper.

WORMAN & SHEFFLER, P.A.

_____
SCOTT S. SHEFFLER, ESQUIRE
2707 W. Fairbanks Avenue, Suite 200
Winter Park, FL 32789
(407) 843-5353  Phone
(407) 841-9516  Fax
Florida Bar No:  880418
E-Mail: ssheffler@wormanlaw.com


Law Offices of Alan D. Reffkin

*/s/ Alan D. Reffkin*

_____
ALAN D. REFFKIN, ESQUIRE
13419 Hathaway Drive
Silver Spring, MD 20906
(301) 460-3883  Phone
(301) 460-3883  Fax
District of Columbia Bar No.: 167502
E-Mail: areffkin@comcast.net


Law Offices of Thomas A. Kenefick, P.C.

*/s/ Thomas A. Kenefick, III*

_____
THOMAS A. KENEFICK, III, ESQUIRE
73 Chestnut Street
Springfield, MA 01103-1705
(413) 734-7000  Phone
(413) 731-1302  Fax
Massachusetts Bar No:
E-Mail: takenefick@verizon.net